JAMES A. IRWIN & CO., INCORPORATED, Appellant, v. HENRY E. KALL, Respondent.— Order granting motion to open default on terms affirmed, without costs. No opinion. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

In the Matter of Supplementary Proceedings: FRANK ASBURY, Respondent, v. FREDERICK W. GORE, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

In the Matter of the Application of GEORGE W. MORTON, JR., Respondent, for a Peremptory Writ of Mandamus Directed to CHARLES F. BALES, as Superintendent of Buildings in the Borough of Queens, Appellant, Commanding Him to Enforce the Provisions of the Building Zone Law and of the Building Zone Resolution of the Board of Estimate and Apportionment of the City of New York, Known as the Building Zone Resolution, Adopted July 25, 1916, and All Acts Amendatory Thereof, Wherever Any of the Said Provisions Are Violated by the Use of the Premises Known as Celtic Park, and Bounded on the North by Annable Avenue, on the West by Madden Street, on the East by Locust Street and Celtic Avenue, and on the South by a Diagonal Line Running from the Northerly Side of Gould Avenue at Its Intersection with the Easterly Side of Madden Street, to a Line in the Westerly Side of Madden Street to a Line in the Westerly Side of Celtic Avenue, South of Gould Avenue, Long Island City, in the Borough of Queens, City and State of New York.— Peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with fifty dollars costs, upon the ground that the owner of the property sought to be removed is a necessary party to an action or proceeding seeking a removal of property claimed to have been erected in violation of law. (*Matter of Green* v. *Miller*, 249 N. Y. 88; *Matter of City of New York*, 122 App. Div. 741; *People ex rel. Cooke* v. *Stewart*, 77 id. 181; *People ex rel. Walsh* v. *Kleinert*, 200 id. 836.) Many of the allegations of the petition, in so far as they charge the owner or lessee of the grounds with the maintenance of a nuisance in the manner in which dog racing is conducted, are wholly immaterial. Whether the grandstands complained of are or are not a nuisance *per se* may be an issue to be determined when the owner is heard. It may also be a question, not now necessary for determination, whether the proceeding should not be in accordance with section 652 of the Building Code,* relating to judicial remedies for the illegal erection of a structure. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

---

* See Code of Ordinances of City of New York, chap. 5, § 652.— [REP.